IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANTHONY B. HARMON                     §
                                      §
V.                                    §   C.A. NO. C-04-423
                                      §
BROOKS COUNTY, ET AL.                 §

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Plaintiff's

motion for appointment of counsel is pending.  (D.E. 57).

No constitutional right to appointment of counsel exists in civil rights cases.  Wendell v. Asher,

162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam).

A district court is not required to appoint counsel unless "'exceptional circumstances'" exist.  Cupit v.

Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th

Cir. 1986) (per curiam)).  Among the factors that the Court should consider are: "(1) the type and

complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether

the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist

in large part of conflicting testimony so as to require skill in the presentation of evidence.  The court

should also consider  whether appointed counsel would aid in the efficient and equitable disposition of

the case."  Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982));

accord Norton v. Dimanza, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of

counsel is not warranted at this time.  Regarding the first factor, plaintiff's Eighth Amendment claims do

not present any complexities that are unusual in prisoner actions.  The second and third factors are

whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.  The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel, (D.E. 57), is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

Plaintiff is reminded that he has forty-five (45) days to file a response to defendants' corrected motion for summary judgment from the date that the response was filed.  (D.E. 56).

ORDERED this 16th day of May, 2005.


BRIAN  L.  OWSLEY
UNITED STATES MAGISTRATE JUDGE